IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TODD HAGEN,<br><br>                    Plaintiff,<br><br>v.<br><br>SAFEWAY, INC., a Delaware corporation<br>doing business in Washington State,<br><br>                    Defendant. | No. 19-2-21541-1 SEA<br><br>**COMPLAINT FOR PERSONAL<br>INJURIES** |

COMES NOW the plaintiff, above-named, by and through their attorney of record, James Dixon of Dixon & Cannon, Ltd., and for cause of action against the defendants, complains, alleges, and states as follows:

## I.      **PARTIES**

1.1     At all times pertinent, Plaintiff Todd Hagen resided in King County, Washington.

1.2     At all times pertinent, Defendant Safeway, Inc. ("Safeway"), is a Delaware corporation, doing business in King County, State of Washington. Specifically, Safeway owns

COMPLAINT

Page 1 OF 4

*DIXON & CANNON, LTD.*
*601 Union Square, Suite 3230*
*Seattle, WA 98101*
*(206) 957-2247*

and operates a retail Safeway grocery store at 6850 NE Bothell Way in Kenmore, Washington 98028. This Kenmore Safeway is known by Safeway as Store #3500.

## II.   JURISDICTION AND VENUE

2.1    This Court has jurisdiction over the parties and subject matter of this action.  Venue is proper within King County as the incident occurred in King County.

## III.   FACTS FORMING A BASIS FOR RELIEF

3.1    On the afternoon of August 17, 2016, plaintiff Todd Hagen was shopping at the Kenmore Safeway located near his home. As such, he entered Safeway's premises for a business purpose related to the business of the landowner.

3.2    On that same afternoon, a Pepsi representative was in the soda pop aisle. The representative had been invited onto the property by Safeway for the purpose of increasing the sale of Pepsi products and thereby increasing the revenue of Safeway.

3.3    The Pepsi representative either caused a spill or became aware of a spill on the soda aisle.

3.4    The Pepsi representative notified other Safeway employees of the spill.

3.5    A short while later, Mr. Hagen was pushing a shopping cart down the soda aisle. There were no warnings, either verbal or signage, indicating the floor was wet and slippery.

3.6    As Mr. Hagen's feet hit the wet portion of the floor, his legs went out from underneath him. He fell to the ground, hitting his left knee.

3.7    Mr. Hagen had undergone left knee surgery three months earlier.  His knee pain upon falling to the ground at the Safeway was immediate and severe.

COMPLAINT

Page 2 OF 4

*DIXON & CANNON, LTD.*
*601 Union Square, Suite 3230*
*Seattle, WA 98101*
*(206) 957-2247*

3.8     As a result of the fall, Mr. Hagen underwent a second surgery. There were complications following this second knee surgery, which resulted in a prolonged and painful recovery.

3.9     As a business invitee, Safeway owed Mr. Hagen a duty to maintain its premises in a reasonably safe manner and protect him from dangerous conditions on Safeway's premises that they knew or should have known about.

3.10    Safeway had actual or constructive notice of the dangerous condition.

3.11    Safeway breached its duty of care to Mr. Hagen to remove the liquid on the floor or, in the alternative, to provide notice of the dangerous condition.

## IV.     CAUSATION AND DAMAGES

4.1     As a proximate result of the carelessness and negligence of Safeway, Todd Hagen sustained significant injuries. In addition, he incurred damages in an amount to be proven at trial which include, but are not limited to the following elements:

        A.     For special damages in an amount to be proven at the time of trial;

        B.     For general damages in an amount to be proven at the time of trial;

        C.     For costs and disbursements, including reasonable attorney fees incurred in bringing this action that may be allowed by any rule or statute;

        D.     For pre-judgment interest on special damages; and

        E.     For such other and further relief as this court deems just and equitable.

COMPLAINT

Page 3 OF 4

*DIXON & CANNON, LTD.*
*601 Union Square, Suite 3230*
*Seattle, WA 98101*
*(206) 957-2247*

1

2       DATED:     August 15, 2019

3

4                               <u>s/ James Dixon</u>
James Dixon, WSBA # 18014

5                                 Dixon & Cannon, Ltd.
601 Union Street, Suite 3230

6                                 Seattle, WA 98101
(206) 957-2247

7                                 james@dixoncannon.com
Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   COMPLAINT

28   Page 4 OF 4